## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>by and through the ALABAMA<br>HISTORICAL COMMISSION,<br><br>     Plaintiff,<br><br>vs.<br><br>THE UNIDENTIFIED SHIPWRECKED<br>VESSEL believed to be SCHOONER<br>CLOTILDA, its Apparel, Tackle,<br>Appurtenances, and Cargo, *In Rem,*<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 19-00423-KD-N<br><br>IN ADMIRALTY<br><br>RULE 9(h), FRCP |

## ORDER

This action is before the Court on the "Motion for Joinder of Claims" and "Petition for Habeas Corpus" filed by Roy Lee Clowder, proceeding *pro se* (docs. 32, 33) and the Response filed by the State of Alabama by and through the Alabama Historical Commission (doc. 34).

I. Background

This action *in rem* was filed July 26, 2019.  The Unidentified Shipwrecked Vessel believed to be Schooner Clotilda (the Vessel) was arrested July 31, 2019. The Alabama Historical Commission (ACH) was appointed the substitute custodian.  Notice of Action *in rem* and Arrest of Vessel was published on August 14, 21, and 28, 2019 (doc. 14, Proof of Publication).   The Notice gave notice to "any person having a claim against the Vessel, or any interest therein" to "file a claim with the Court not later than fourteen (14) days after final publication of this Notice" or September 11, 2019, and to serve a copy on counsel for ACH (Id.).

The Notice also gave notice that "Claimants must then file and serve an answer to the Complaint within twenty-one (21) days from the date of filing their claim."  (Id.).

No claims were filed. AHC's motion for entry of default was granted (doc. 22). The Court stated that "any party alleging a claim or lien against" the Vessel "subsequent to the date" of the Court's Order "is in default, and bears the burden of establishing good cause for having the entry of default set aside" (Id.).

On April 12, 2021, AHC's motion for summary judgment regarding the ownership of the Vessel and all rights and obligations attendant to ownership was granted (doc. 30).  Final judgment was entered in favor of ACH (doc. 31).

On May 6, 2026, Clowder filed his *pro se* "Motion for Joinder of Claims" and "Petition for Habeas Corpus" (docs. 32, 33). ACH filed its response (doc. 34). To date, Clowder has not filed a Reply to the Response.

II. <u>Analysis</u>

Although Clowder cites to Fed. R. Civ. P. 18, captioned "Joinder of Claims", he appears to move the Court to allow him to file a claim against the Vessel, which would necessitate reopening this action (doc. 32). Clowder does not identify what type of claim he believes he has against the Vessel.  In his "Petition for Writ of Habeas Corpus", he requests discovery from AHC and documents from the Court (doc. 33).

ACH argues that Clowder has not shown good cause for setting aside the entry of default as to persons with claims against the Vessel and that he not alleged any facts sufficient to show a prima facie meritorious claim or interest in the Vessel or the *in rem* action (doc. 34, p. 3-5). ACH also argues that Clowder's requested relief requires the Court to set aside a final judgment and therefore the stringent standards of Fed. R. Civ. P. 60(b) apply (Id., p. 5).  ACH points out that

Clowder is time barred as to Fed. R. Civ. P. 60(b)(1)-(3). <u>See</u> Fed. R. Civ. P. 60(c)(1).  As to the remaining grounds, ACH argues that all Supplemental Rule C procedures have been followed and there is no valid reason to contend the judgment is void under Fed. R. Civ. P. 60(b)(4), that the judgment is not the type which can be satisfied, released or discharged, and therefore Fed. R. Civ. P. 60(b)(5) does not apply, and that any motion pursuant to Fed. R. Civ. P. 60(b)(6) would be untimely under legal precedent and otherwise without merit (doc. 34, p. 5-7 ).

III. <u>Conclusion</u>

Upon consideration of the Motion, Petition, and Response, and the parties' respective positions as set forth therein, the Court adopts the reasoning in the Response (doc. 34 at p. 3-7), as the reasoning of the Court.  Accordingly, Clowder's Motion and Petition are DENIED.

**DONE** and **ORDERED** this 1st day of July 2026.

<u>**s / Kristi K. DuBose**</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**